UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BELINDA NUNEZ,

    Plaintiff,

v.                                                  Case No: 8:16-cv-3272-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**ORDER**

Plaintiff, Belinda Nunez, seeks judicial review of the denial of her claims for a period of disability and disability insurance benefits. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

**BACKGROUND**

**A.    Procedural Background**

Plaintiff filed an application for disability insurance benefits in July 2012. (Tr. 153–54.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 66–91, 94–99, 101–06.) Plaintiff then requested an administrative hearing. (Tr. 107.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 31–65.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 10–30.) On Plaintiff's appeal, the court remanded the matter. (Tr. 1377–83.) After holding a second hearing on remand (Tr. 1243–84), the ALJ issued a partially-favorable decision, finding Plaintiff not disabled prior to August 12, 2013, but disabled from August 12, 2013, through February 26, 2014. (Tr. 1214–42.) Plaintiff then timely filed a

complaint with this Court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**B.     Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1961, claimed disability beginning on June 1, 2011. (Tr. 66.) Plaintiff has a high school education. (Tr. 1231.) Plaintiff's past relevant work experience included work as a small business owner. (Tr. 1232.) Plaintiff alleged disability due to tremors, overheating and falling down, diabetes, depression, restless leg syndrome, high blood pressure, underactive thyroid, high cholesterol, a paralyzed vocal cord, and issues with her stomach, colon, and ovaries. (Tr. 66.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since June 1, 2011, the alleged onset date. (Tr. 1220.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: diabetes mellitus with occasional neuropathy, migraine headaches, obesity, arthritis of the right knee, depression, and bowel disorder, and that "[b]eginning on the established onset date of disability, August 12, 2013, through February 26, 2014, the claimant has also had the following additional severe impairment: right eye blindness." (Tr. 1221.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 1222–24.) The ALJ then concluded that Plaintiff retained the following residual functional capacity ("RFC") prior to August 12, 2013:

> I find that prior to August 12, 2013, the date the claimant became disabled, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(b) except lifting up to 20 pounds occasionally, lift and carry 10 pounds frequently, but stand and walk for about 2 hours, sitting for up to 6 hours in an 8-hour workday, with normal breaks, but any continuous walking or standing should be done in increments of no more than 15 minutes and with the use of a

cane; no climbing ropes or scaffolds or 5 steps or more on a ladder, but can occasionally climb lesser ladders, ramps and stairs; no crawling; occasionally balance, stoop, kneel, and crouch; occasionally operate foot controls; frequently reach, handle, and finger bilaterally; should avoid concentrated exposure to extreme cold and extreme heat; avoid even moderate (more than occasional) exposure to excessive noise, excessive vibration, and industrial hazards such as the use of hazardous machinery and unprotected heights; and the claimant retains the ability to understand, remember, and carry out simple and detailed tasks and instructions, but not complex tasks and instructions.

(Tr. 1224.) In formulating Plaintiff's RFC for this period, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully credible. (Tr. 1225–26.)

Next, the ALJ concluded that Plaintiff retained the following RFC beginning on August 12, 2013, through February 26, 2014:

> I find that beginning on August 12, 2013, through February 26, 2014 (the day before the claimant was found disabled on the subsequent application), the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except lifting up to 20 pounds occasionally, lift and carry 10 pounds frequently, but stand and walk for about 2 hours, sitting for up to 6 hours in an 8-hour workday, with normal breaks, but any continuous walking or standing should be done in increments of no more than 15 minutes and with the use of a cane; no climbing ropes or scaffolds or 5 steps or more on a ladder, but can occasionally climb lesser ladders, ramps and stairs; no crawling; occasionally balance, stoop, kneel, and crouch; occasionally operate foot controls; frequently reach, handle, and finger bilaterally; should avoid concentrated exposure to extreme cold and extreme heat; avoid even moderate (more than occasional) exposure to excessive noise, excessive vibration, and industrial hazards such as the use of hazardous machinery and unprotected heights; and the claimant retains the ability to understand, remember, and carry out simple and detailed tasks and instructions, but not complex tasks and instructions. Lastly, the claimant has less than frequent near acuity.

(Tr. 1230–31.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined that Plaintiff could not perform her past relevant work. (Tr.

1231.) Given Plaintiff's background, RFC, and the VE's testimony, the ALJ concluded that prior to August 12, 2013, Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a customer service representative and telemarketer. (Tr. 1232.) He concluded, however, that Plaintiff would not be able to perform these jobs or any other existing in the national economy beginning on August 12, 2013, "the date when the evidence shows that the claimant became blind in her right eye." (Tr. 1233.) Accordingly, the ALJ found Plaintiff not disabled prior to August 12, 2013, and disabled beginning that date through February 26, 2014, "the day before the claimant was found disabled" on subsequent disability applications. (*Id.*)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-

related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the

correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**ANALYSIS**

Plaintiff challenges the ALJ's decision on the following ground: despite the ALJ's limiting Plaintiff to walking and standing with the use of a cane (Tr. 1224, 1230), the ALJ's hypothetical to the VE did not include Plaintiff's use of a cane. For the reasons that follow, this contention does not warrant reversal.

A claimant's RFC is "the most" a claimant can do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1); *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). When the ALJ determines that a claimant cannot perform past relevant work, then the ALJ must produce evidence that claimant is able to do other jobs existing in significant numbers in the national economy given the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). The burden then shifts to the claimant to show that the claimant "is unable to perform the jobs that the Commissioner lists." *Doughty v. Apfel*, 245 F.3d 1274, 1278, n.2 (11th Cir. 2001). The ALJ may demonstrate that a claimant can perform other jobs through the testimony of a VE. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). Importantly, "[i]n order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.*

For the period the ALJ found Plaintiff not disabled, prior to August 12, 2013, the ALJ found Plaintiff capable of standing and walking for about two hours, "but any continuous walking or standing should be done in increments of no more than 15 minutes and with the use of a cane." (Tr. 1230.) Plaintiff argues that the ALJ's hypothetical to the VE did not include Plaintiff's need to use a cane. (Dkt. 19 at 8.) Thus, Plaintiff contends that the case should be remanded to the ALJ

to pose a hypothetical to the VE in which the hypothetical claimant "must use a cane while standing and/or walking and that the claimant must be able to stand/or walk about two hours out of an eight hour workday, as the claimant can only sit up to six hours out of an eight hour workday." (*Id.*)

However, as Defendant argues in response (Dkt. 22 at 6), Plaintiff's argument fails to acknowledge that the ALJ asked the VE during the hearing whether a hypothetical claimant could perform work given the claimant's walking and standing limitations due to the use of a cane. (Tr. 1279.) First, during the hearing, the ALJ asked the VE whether a hypothetical claimant with Plaintiff's RFC, with the exception of her need to use a cane for continuous walking and standing, could perform work existing in significant numbers in the national economy. (Tr. 1276–77.) In response, the ALJ testified that such a claimant is capable of performing the work of a customer service representative and telemarketer. (Tr. 1277.) After Plaintiff's attorney questioned the VE, the ALJ then asked the VE the following: "Just one clarifying comment with regard to the one hypothetical I asked about. If a person had to use a cane for all walking, or standing for that matter, would that prevent that individual from performing the customer service or the telemarketing job?" (Tr. 1279.) The VE answered, "No. And due to the fact that -- the nature of the job is primarily sedentary . . . There's not that much walking." (*Id.*)

Accordingly, the hypothetical to the VE contained Plaintiff's limitations due to her need to use a cane when walking and standing. In fact, the ALJ's question to the VE was more limited than the ALJ's RFC finding: the RFC finding requires Plaintiff to use a cane for "continuous" walking and standing, while the ALJ's question to the VE asked if "a person had to use a cane for all walking, or standing for that matter." (Tr. 1279.) Accordingly, because the ALJ's hypothetical contained Plaintiff's limitations from her use of a cane, the ALJ's reliance on the VE's testimony was proper, and the ALJ's disability determination is supported by substantial evidence. *E.g.*,

*Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (holding that the VE's testimony constituted substantial evidence upon which the ALJ could rest the disability determination because the hypothetical included all of the claimant's impairments).

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on February 13, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record